**Fill in this information to identify your case:**

Debtor 1: KINGSLEY BRAEDEN ANDERSON
          First Name / Middle Name / Last Name

Debtor 2: SELENA KELSEY GABRIELLE
(Spouse, if filing)  First Name / Middle Name / Last Name

United States Bankruptcy Court for the: DISTRICT OF NEW JERSEY
(State)

Case number (If known): 25-14279

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

Official Form 113

# Chapter 13 Plan

12/17

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☑ Included | ☐ Not included |

## Part 2: Plan Payments and Length of Plan

2.1 Debtor(s) will make regular payments to the trustee as follows:

$ 1500    per month    for 60    months

[and $ _____    per _____    for _____    months.] *Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2 Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*

☐ Debtor(s) will make payments pursuant to a payroll deduction order.

☑ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____ .

**2.3 Income tax refunds.**

*Check one.*

☑ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income tax refunds as follows:

_____

_____

**2.4 Additional payments.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☐ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

_____

_____

**2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $90,000.**

## Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| JULIA BENSUR | 506 Lazy Lane | $ 6,000  Disbursed by: ☐ Trustee ☑ Debtor(s) | $ N/A | N/A % | $ N/A | $ 360,000 |

DEBTOR HOLDS A 25% OWNERSHIP INTEREST IN THE PROPERTY AT 506 LAZY LANE. THE CO-OWNER IS THE MAJORITY TITLEHOLDER AND BORROWER ON THE EXISTING $500,000 MORTGAGE. DEBTOR HAS AN EQUITABLE INTEREST IN RETAINING POSSESSION OF THE HOME AND CURRENTLY PAYS $6,000/MONTH TO THE CO-OWNER. DEBTOR INTENDS TO MAINTAIN THESE PAYMENTS AND SEEK TO AVOID EVICTION OR PARTITION BY SALE DURING THE PENDENCY OF THIS CASE. ANY LEGAL DISPUTES REGARDING THE PARTITION ACTION WILL BE ADDRESSED IN THE STATE COURT. THIS PLAN DOES NOT PROPOSE TO PAY OR RESTRUCTURE THE MORTGAGE DIRECTLY, BUT AIMS TO PRESERVE THE DEBTOR'S OCCUPANCY AND INTEREST WHILE LITIGATION IS PENDING. **SEE ALSO APPENDIX B.**

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

☑ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| ALLY FINANCIAL | $26,356 | CHEVY TAHOE | $12,000 | $0 | 12000 | ~11% | $890.87 | $53,452 |
| JP MORGAN CHASE | $57,275 | FORD F-150 | $35,000 | $0 | 35000 | ~20% | $1304 | $78,250 |

*Insert additional claims as needed.*

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☐ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| | | $_____ | ____% | $_____ <br> Disbursed by: <br> ☐ Trustee <br> ☐ Debtor(s) | $_____ |
| | | $_____ | ____% | $_____ <br> Disbursed by: <br> ☐ Trustee <br> ☐ Debtor(s) | $_____ |

*Insert additional claims as needed.*

### 3.4 Lien avoidance.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

☐ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

| Information regarding judicial lien or security interest | Calculation of lien avoidance | | Treatment of remaining secured claim |
|---|---|---|---|
| **Name of creditor** _____ | a. Amount of lien | $_____ | **Amount of secured claim after avoidance** (line a minus line f) $_____ |
| | b. Amount of all other liens | $_____ | |
| **Collateral** | c. Value of claimed exemptions | + $_____ | **Interest rate** (if applicable) _____ % |
| | d. Total of adding lines a, b, and c | $_____ | |
| **Lien identification** (such as judgment date, date of lien recording, book and page number) _____ _____ | e. Value of debtor(s)' interest in property | − $_____ | **Monthly payment on secured claim** $_____ |
| | f. Subtract line e from line d. | $_____ | **Estimated total payments on secured claim** $_____ |
| | Extent of exemption impairment (*Check applicable box*): ☐ **Line f is equal to or greater than line a.** The entire lien is avoided. (*Do not complete the next column.*) ☐ **Line f is less than line a.** A portion of the lien is avoided. (*Complete the next column.*) | | |

*Insert additional claims as needed.*

### 3.5 Surrender of collateral.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☐ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of creditor | Collateral |
|---|---|
| _____ | _____ |
| _____ | _____ |

*Insert additional claims as needed.*

Official Form 113    Chapter 13 Plan    Page 4

## Part 4: Treatment of Fees and Priority Claims

**4.1 General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be 7% of plan payments; and during the plan term, they are estimated to total: $28,490.

**4.3 Attorney's fees**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $0 / not applcable.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☐ The debtor(s) estimate the total amount of other priority claims to be _____.

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). *This plan provision requires that payments in § 2.1 be for a term of 60 months; see* 11 U.S.C. § 1322(a)(4).

| Name of creditor | Amount of claim to be paid |
|---|---|
| _____ | $ _____ |
| _____ | $ _____ |

*Insert additional claims as needed.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of $ _____.

☐ _____% of the total amount of these claims, an estimated payment of $ _____.

☑ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, non-priority unsecured claims would be paid approximately $0.

Regardless of the options checked above, payments on allowed non-priority unsecured claims will be made in at least this amount.

THE DEBTORS ARE DEVOTING 100% OF PROJECTED DISPOSABLE INCOME TO THIS PLAN. GIVEN THE SIGNIFICANT SECURED AND PRIORITY OBLIGATIONS REQUIRED TO RETAIN THEIR PRIMARY RESIDENCE AT 506 LAZY LANE, ALL AVAILABLE FUNDS ARE COMMITTED TO MAINTAINING THAT ESSENTIAL HOUSING EXPENSE. THE DEBTORS' MONTHLY MORTGAGE-RELATED OBLIGATION IS $6,000, AND THIS PLAN IS STRUCTURED TO ENSURE THOSE PAYMENTS ARE MADE IN FULL AND ON TIME THROUGHOUT THE PLAN TERM. AS A RESULT, NONPRIORITY UNSECURED CLAIMS WILL RECEIVE ONLY THE FUNDS REMAINING AFTER DISBURSEMENTS TO ALL OTHER CREDITORS PROVIDED FOR IN THIS PLAN. BASED ON CURRENT ESTIMATES, THIS WILL RESULT IN A MINIMAL DISTRIBUTION TO NONPRIORITY UNSECURED CREDITORS. HOWEVER, IF THE DEBTORS' ESTATE WERE LIQUIDATED UNDER CHAPTER 7, UNSECURED CREDITORS WOULD RECEIVE APPROXIMATELY $0. THIS PLAN THEREFORE SATISFIES THE BEST-INTEREST TEST UNDER 11 U.S.C. §1325(A)(4) AND IS PROPOSED IN GOOD FAITH UNDER §1325(A)(3).

5.2 **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

☐ The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Current installment payment | Amount of arrearage to be paid | Estimated total payments by trustee |
|---|---|---|---|
| _____ | $_____ <br> Disbursed by: <br> ☐ Trustee <br> ☐ Debtor(s) | $_____ | $_____ |
| _____ | $_____ <br> Disbursed by: <br> ☐ Trustee <br> ☐ Debtor(s) | $_____ | $_____ |

*Insert additional claims as needed.*

5.3 **Other separately classified nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

☐ The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows

| Name of creditor | Basis for separate classification and treatment | Amount to be paid on the claim | Interest rate (if applicable) | Estimated total amount of payments |
|---|---|---|---|---|
| _____ | _____ | $_____ | ____% | $_____ |
| _____ | _____ | $_____ | ____% | $_____ |

*Insert additional claims as needed.*

## Part 6: Executory Contracts and Unexpired Leases

6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☑ **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage (Refer to other plan section if applicable) | Estimated total payments by trustee |
|---|---|---|---|---|---|
| JULIA BENSUR | 506 Lazy Lane<br>Disbursed by: | N/A<br>☐ Trustee<br>☑ Debtor(s) | 0 | | |
| XFINITY / TMOBILE | | 1,077<br>☐ Trustee<br>☑ Debtor(s) | | | |

1. THE DEBTOR ASSUMES ONGOING MOBILE AND UTILITY SERVICE CONTRACTS WITH T-MOBILE AND XFINITY NECESSARY FOR HOUSEHOLD OPERATION, COMMUNICATION, EMPLOYMENT, AND ACCESS TO ONLINE EDUCATION FOR MINOR CHILDREN.

2. DEBTOR AND CO-DEBTOR RESIDE AT 506 LAZY LANE WITH THEIR FOUR YOUNG CHILDREN. THE PROPERTY IS CO-OWNED BY THE DEBTOR (25%) AND JULIA BENSUR (75%), WHO IS ALSO A SECURED CREDITOR. THE DEBTOR HAS MADE CONTINUOUS MONTHLY PAYMENTS FOR FOUR YEARS, WHICH FUNCTION BOTH AS RENT AND AS REPAYMENT TOWARD THE OUTSTANDING MORTGAGE. JULIA BENSUR HAS INITIATED A PARTITION ACTION AND IS SEEKING TO REMOVE THE FAMILY FROM THE HOME. THIS CHAPTER 13 PLAN IS FILED IN GOOD FAITH TO PRESERVE THE DEBTOR'S RESIDENCE AND PREVENT A FORCED SALE. THE DEBTOR WILL CONTINUE MAKING DIRECT MONTHLY PAYMENTS OF $6,000 TO MS. BENSUR DURING THE PLAN

## Part 7: Vesting of Property of the Estate

7.1 Property of the estate will vest in the debtor(s) upon

*Check the applicable box:*

☐ plan confirmation.

☑ entry of discharge.

☐ other: _____.

## Part 8: Nonstandard Plan Provisions

8.1 Check "None" or List Nonstandard Plan Provisions

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*

Pursuant to Bankruptcy Rule 3015(c), the following constitutes a nonstandard provision of this Chapter 13 Plan and shall be treated as a material and enforceable term upon confirmation.

The Debtor resides at 506 Lazy Lane with his spouse and four minor children. The Debtor holds a 25% ownership interest in the property, with the remaining 75% held by co-owner and secured creditor Julia Bensur, who is also the primary obligor on the property's outstanding mortgage. As of the petition date, the Debtor is current on all payments to Ms. Bensur and has continuously remitted monthly payments. These payments serve both as lease payments and as equitable contributions toward the secured obligations associated with the property.

Ms. Bensur has commenced a partition action seeking to force the sale of the property and evict the Debtor and his family. The Debtor asserts that the retention of the family residence is essential to the Debtor's ability to reorganize and maintain the stability and welfare of his dependent children. The Debtor further asserts that the ongoing monthly payments to Ms. Bensur are adequate protection of her interests during the pendency of this case.

Accordingly, the Debtor will continue making monthly payments throughout the duration of this Chapter 13 Plan. These payments shall not be administered by the Chapter 13 Trustee and shall be made outside the plan. This provision is intended to preserve the Debtor's right to continued possession of 506 Lazy Lane during the pendency of this case and to provide a framework for the resolution of the pending partition litigation in state court.

The Debtor respectfully requests that the Court deem this provision material to the confirmation of this Plan, and further asserts that any interference with the Debtor's possession of 506 Lazy Lane during the term of this Plan would materially impair the Debtor's ability to complete plan payments and effectuate a successful reorganization.

## Part 9: Signature(s):

**9.1 Signatures of Debtor(s) and Debtor(s)' Attorney**

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s) signatures are optional. The attorney for the Debtor(s), if any, must sign below.*

✗ _____
Signature of Debtor 1

Executed on 04 / 24 / 2025
         MM / DD / YYYY

✗ _____
Signature of Debtor 2

Executed on 04 / 24 / 2025
         MM / DD / YYYY

✗ _____
Signature of Attorney for Debtor(s)

Date _____
     MM / DD / YYYY

By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.

# Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---|
| a. | Maintenance and cure payments on secured claims (*Part 3, Section 3.1 total*) | $360,000 |
| b. | Modified secured claims (*Part 3, Section 3.2 total*) | $47,000 |
| c. | Secured claims excluded from 11 U.S.C. § 506 (*Part 3, Section 3.3 total*) | $0 |
| d. | Judicial liens or security interests partially avoided (*Part 3, Section 3.4 total*) | $0 |
| e. | Fees and priority claims (*Part 4 total*) | $28,490 |
| f. | Nonpriority unsecured claims (*Part 5, Section 5.1, highest stated amount*) | $0 / CONTINGENT |
| g. | Maintenance and cure payments on unsecured claims (*Part 5, Section 5.2 total*) | $0 |
| h. | Separately classified unsecured claims (*Part 5, Section 5.3 total*) | $0 |
| i. | Trustee payments on executory contracts and unexpired leases (*Part 6, Section 6.1 total*) | $1,077 / UNDER 3.1 |
| j. | Nonstandard payments (*Part 8, total*) | + CONTINGENT / UNDER 3.1 |
| | Total of lines a through j | $436,567 |